**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RACHEL R. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:19-cv-2723 |
| | ) |
| GOVERNMENT EMPLOYEE INSURANCE COMPANY a/k/a GEICO, | ) |
| | ) |
| Defendant, | ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY***

Comes now Plaintiff Rachel R. Davis (hereinafter "Davis"), by counsel, and for her claims against the Defendant Government Employee Insurance Company a/k/a GEICO (hereinafter "GEICO"), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1. Davis is a resident of Indianapolis, Marion County, Indiana. Davis worked for GEICO for approximately five and one half years, from approximately December 2, 2013 until the date of her wrongful termination on May 6, 2019. Davis worked for GEICO as a sales representative at its regional call center in Carmel, Hamilton County, Indiana.

2. Davis is pursuing claims against GEICO for its violations of her rights under the Family and Medical Leave Act ("FMLA") based upon her own serious health condition. Davis' FMLA claims include claims against GEICO for its violation of her substantive rights (e.g., interference with Davis' right to use FMLA leave) and for GEICO's discrimination and retaliation against Davis for her use of her FMLA rights, which is legally protected activity.

1

3. Davis did good work and met all of GEICO's reasonable expectations, meeting or surpassing the sales targets set for her by GEICO right up until her wrongful termination.

4. Davis suffers from a serious health condition which entitles her to the protections of the Family and Medical Leave Act ("FMLA"). Specifically, Davis suffers from severe anxiety and depression. Davis suffers from serious mental health conditions for which she is receiving continuing treatment by her health care provider. Davis takes prescription medication to help her with her mental health condition. At times, including times in 2019, Davis was incapacitated and unable to work as a result of her mental health condition.

6. Davis requested FMLA leave on an intermittent basis. She had her treating caregiver complete all FMLA certification paperwork and was approved for FMLA leave on an intermittent basis by GEICO in October 2018.

7. After her intermittent FMLA leave was approved in October 2018, Davis did, in fact, have to take intermittent leave for her mental health condition. In some weeks, Davis missed two days. Davis did not, however, use all of her available FMLA intermittent leave by the date she was terminated. Davis still had FMLA intermittent leave available to use and to preserve her employment.

8. Shortly before her termination on May 6, 2019, in approximately March or April 2019, Davis' supervisor, Josephus Jordan, called Davis in for her regularly scheduled monthly "coaching" session. In this coaching session, Mr. Jordan had no criticism of Davis' productivity, but set the goal of the month for Davis of "Be here," and told her to "be at work more." Additionally, although he had no legal basis under the FMLA to request this, Mr. Jordan demanded that Davis get her FMLA intermittent leave re-certified, even though it had not been

more than six (6) months since her FMLA leave had been approved.

9. Just before her termination (she believes it was in April 2019), Davis reported her supervisor, Josephus Jordan, to her GEICO Human Resources Office for pressuring and interfering with Davis' use of her FMLA intermittent leave. Davis went to a Human Resources representative named Romel and reported Mr. Jordan's FMLA comments.

10. GEICO fired Davis just a few weeks after she reported her supervisor for his comments about her FMLA use (and just a few weeks after Mr. Jordan told Davis she needed to be at work more). GEICO violated Davis' rights under the FMLA by firing her to prevent her from using intermittent FMLA leave to miss work and protect her job. Moreover, GEICO violated Davis' rights under the FMLA by retaliating and discriminating against her for using her FMLA intermittent leave and for reporting her supervisor's attempt to discriminate against her or pressure her from using her FMLA intermittent leave.

11. Davis believes GEICO may make a false and pretextual excuse for terminating Davis based upon a coworker argument occurring on Davis' last day of employment. Davis was at her work station on a telephone call with a customer, A coworker named Irma Mendoza approached Davis, stood over Davis and put her finger in Davis' face and began to loudly and aggressively speak to Davis. Davis stood up to tell Ms. Mendoza to leave when Ms. Mendoza's boyfried, Tyson McKinney, joined Ms. Mendoza and began to also argue with Davis. A supervisor or coworker intervened and stopped the argument. When fired, Davis was only told her termination "was a management decision." When she applied for unemployment benefits, GEICO claimed Davis was terminated for her role in this argument. This explanation is absolutely false. Ms. Mendoza and Mr. McKinney were not fired for their role in the argument.

Worse, if GEICO claims it has some rule requiring it to immediately fire any employee engaged in an argument or angry words with a coworker, Ms. Mendoza had a history of angry confrontations with coworkers that had to be broken up by coworkers and/or supervisors. Not long before she started the May 2, 2019 argument with Davis, Ms. Mendoza had a very loud and angry fight at work with a coworker named Shamika Russ. Ms. Mendoza was also not fired or punished for this earlier coworker argument, nor was she fired along with Davis based upon the fact that it was her second such fight with a coworker. To stress the pretextual and false nature of GEICO's claimed reason for firing Davis, Davis was not in any jeopardy of losing her job and was, in fact, one of GEICO's most productive sales representatives. Moreover, to the extent GEICO claims it fired Davis for her role in a May 2, 2019 argument, Davis' managers and human resources representatives told Davis the Friday before her termination that the company wanted a statement from Davis giving her side of the event. However, GEICO took no statement from Davis and did not hear her side of the story. It simply fired Davis.

12. To reiterate, Davis still had available FMLA leave time when she was fired. She had not exhausted her twelve weeks of annual FMLA leave.

13. As described above, at the time Davis applied for FMLA leave to treat her serious mental health condition, she was eligible for FMLA protections based upon her length of service, hours of work in the preceding year, and based upon GEICO's number of employees (50 or more) working for it at the Carmel, Indiana location.

14. All of GEICO's reasons for terminating Davis' employment are illegal and violate the FMLA. Davis has been significantly harmed by GEICO's discriminatory and retaliatory termination of her employment. Moreover, GEICO took this action and terminated Davis in

order to interfere with her continuing use of FMLA intermittent leave to protect her employment while caring for her own serious health condition.  Davis is seeking all lost wages and benefits, all liquidated damages, reinstatement or front pay and benefits, payment of all of her reasonable attorney's fees, costs and expenses, plus any equitable relief which would make her whole.

## II.  JURISDICTION AND VENUE

15. Davis' Complaint raises federal questions of law and this Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC § 1331 and under 29 USC § 2611 et seq.

16. This Court is the appropriate venue for this cause of action as Davis worked for GEICO in Carmel, Hamilton County, Indiana.  28 USC § 1391.

## III.  PARTIES

17. Davis is a resident of Indianapolis, Marion County, Indiana.

18. GEICO employed Davis to work for it at GEICO's Carmel, Hamilton County, Indiana regional call center.

## IV.  FAMILY AND MEDICAL LEAVE ACT CLAIMS

19. Davis incorporates herein by reference paragraphs 1 through 18 above.

20. By way of this Complaint, Davis asserts that she is a covered and eligible employee under the Family and Medical Leave Act (hereinafter "FMLA"), who worked at least one thousand two hundred and fifty (1,250) hours in the twelve (12) months preceding her October 2018 application for intermittent medical leave.  Moreover, Davis had worked well over one year for GEICO prior to the time she applied for FMLA leave.

21. Davis' eligibility for leave under the FMLA stems from her employment at

GEICO's regional call center in Carmel, Indiana. GEICO had and has far more than fifty (50) employees working for it in Carmel, Indiana and/or within a seventy-five (75) mile radius of the Carmel, Indiana location from which Davis worked at all times relevant (meaning, calendar years 2019 and 2018). GEICO was and is an employer under the definition of the FMLA and Davis was an eligible employee with GEICO.

22. Davis had her own serious mental health conditions which necessitated her need for treatment and medical leave. Davis properly applied for (meaning she placed GEICO on notice) and was granted intermittent FMLA leave to care for her own serious mental health conditions.

23. GEICO wrongfully and illegally violated Davis' substantive FMLA rights and interfered with Davis' right to use her FMLA leave to protect and preserve her employment.

24. GEICO wrongfully discriminated against and retaliated against Davis for using the FMLA to care for herself while trying to protect and preserve her own employment.

25. As a direct and proximate result of GEICO's conduct, Davis has sustained substantial economic losses, including, but not limited to, career damage and past and future loss of wages and other economic benefits. By way of this Complaint, for GEICO's violations of the FMLA, Davis is seeking all available damages, including, but not limited to, all lost wages and benefits, liquidated damages, reinstatement or front pay and benefits, all of her attorney's fees, costs and expenses, and any other damages necessary to remedy GEICO's violations of Davis' rights under the FMLA.

26. Davis was wrongfully terminated from her employment with GEICO while (and for) exercising her right to use her approved FMLA leave. Davis' exercise of her FMLA rights

was the primary factor which improperly motivated GEICO to terminate her employment. Said wrongful termination of Davis' employment is prohibited by 29 U.S.C. § 2615.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rachel R. Davis respectfully requests that the Court enter judgment against Defendant Government Employee Insurance Company and issue all available relief to her, including, but not limited to, the following:

1. All damages available under the FMLA, including all back pay and benefits, all available liquidated damages, reinstatement and/or front pay and benefits, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
(812) 234-2881 Facsimile
kondras@hkmlawfirm.com

## *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Rachel R. Davis, by counsel, and requests a trial by jury on all issues which may be tried to a jury.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   100 Cherry Street
   Terre Haute, IN 47807
   (812) 232-9691
   (812) 234-2881 Facsimile
   kondras@hkmlawfirm.com